Meegan B. Brooks (WSBA No. 62516)
**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, California 94105
Telephone: 415.318.2770
Facsimile: 424.204.4350
brooksm@ballardspahr.com

Attorneys for Defendant
THE NATORI COMPANY, INC.

Ballard Spahr LLP
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone 415.318.2770

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MALIKA BENNETT, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE NATORI COMPANY, INC.,<br><br>Defendant. | Case No.<br><br>**DEFENDANT THE NATORI COMPANY, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[King County Superior Court Case No. 26-2-03270-0 SEA] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND ALL PARTIES AND THEIR ATTORNEY OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant The Natori Company, Inc. ("Defendant") hereby removes the action *Malika Bennett v. The Natori Company, Inc.,* pending in the Superior Court of the State of Washington, County of King, Case No. 26-2-03270-0 SEA (the "State Court Action") to the United States District Court for the Western District of Washington. As grounds for removal, Defendant respectfully states as follows:

## I. INTRODUCTION

1. The State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this matter is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, is alleged to include more than 100 members

Ballard Spahr LLP
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone 415.318.2770

in the proposed putative class, and is between citizens of different states.

## II. BACKGROUND

2. On January 23, 2026, Plaintiff Malika Bennett ("Plaintiff"), purportedly on her own behalf and all other similarly situated Washington citizens, filed the State Court Action in the Superior Court of the State of Washington for King County (the "Complaint"). Defendant was served with the Complaint out of state on January 27, 2026. True and correct copies of the Summons, Complaint, and other documents filed in the State Court Action are attached hereto as **Exhibit A**.

3. Plaintiffs contend that Defendant violated the Washington Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, and the Washington Consumer Protection Act ("CPA"), Chapter 19.86 RCW, by sending emails "whose subject lines employ various tactics to create a false sense of urgency in consumers' minds and ultimately, from consumers' wallets." (Compl. at ¶¶ 4, 7.)

4. Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiff's theories of liability, class allegations, damages, or the like—all of which Defendant expressly denies—or a waiver of any of Defendant's rights or defenses. Defendant reserves the right to supplement and amend this Notice of Removal

## III. REQUIREMENTS FOR REMOVAL UNDER CAFA

5. This Court has original jurisdiction over this action under CAFA. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2), (5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

Ballard Spahr LLP
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone 415.318.2770

6. The United States Supreme Court clarified the standards for removal under CAFA in 2014. Specifically, in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014), the Supreme Court held that courts must apply the same liberal rules to removal allegations as to other matters of pleading.

7. Furthermore, the *Dart Cherokee* decision held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 554.

8. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 *broadly in favor of removal*." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively"); *Bridewell-Sledge v. Blue Cross of California,* 789 F.3d 923, 929 (9th Cir. 2015) (under *Dart Cherokee*, error to apply a 'strong presumption against removal jurisdiction'"). In *Bridewell-Sledge v. Blue Cross*, the Ninth Circuit held that under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'" *Bridewell-Sledge*, 798 F.3d 923, 929 (9th Cir. 2015).

## IV. THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

### A. Minimum Diversity Exists

9. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

10. **Defendant's Citizenship**: A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) ("'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the

corporation's activities," typically the corporation's headquarters). At the time Plaintiff commenced the State Court Action, Defendant was a corporation organized under the laws of Delaware with its principal place of business in New York. (Compl. ¶ 11.)

11. **Plaintiff's Citizenship**. A person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiff is a resident of King County, Washington. (Compl. ¶ 10.) Moreover, Plaintiff seeks to certify a proposed class of, *inter alia,* "[a]ll Wahington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A during the Class Period." (*Id.* at ¶ 99.)

12. Because Plaintiff and the alleged class members are citizens of Washington, and Defendant is a citizen of Delaware and New York, CAFA's diversity-of-citizenship requirement is satisfied.

Ballard Spahr LLP
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone 415.318.2770

**B. The Proposed Class Includes At Least 100 Members**

13. Plaintiff seeks to certify a proposed class of, *inter alia,* "[a]ll Wahington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A during the Class Period." (*Id.* at ¶ 99.) The Class Period is defined to extend to four years before the Complaint was filed through the date a class certification order is entered. (Compl. ¶ 101.) Plaintiff further claims the proposed class is "so numerous" that joinder of all members would be impracticable and that the proposed class is estimated to "***minimally contain thousands of members***." [emphasis added] (*Id.* at ¶ 103.)

**C. The Amount in Controversy Exceeds $5 Million**

14. The Supreme Court clarified in 2014 that a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal

Ballard Spahr LLP
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone 415.318.2770

allegations] that are applied to other matters of pleading.'"); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (quoting *Dart Cherokee*).

15. Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff does contest the allegation, both sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id.* at 88–89; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart Cherokee*); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *Id.* § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

16. Again, Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint and does not waive any defense with respect to any of Plaintiff's claims. Nevertheless, Defendant has calculated the amount in controversy for purposes of this notice by taking Plaintiff's allegations in the Complaint at face value and aggregating claims of alleged individual class members pursuant to 28 U.S.C. § 1332(d)(6). Plaintiff's allegations place the amount in controversy on Plaintiff's action well above $5,000,000, exclusive of interest and costs.

17. Plaintiff seeks $500 in statutory damages per violation, which she claims means $500 per email, per recipient. (Compl. ¶ 126, Prayer for Relief (c)). Plaintiff further alleges that Defendant "***floods consumers' email inboxes with repeated false notifications***" and provides nineteen "examples" of commercial emails that Defendant purportedly sent in Exhibit A." [Emphasis added] (Compl. ¶¶ 5, 99 and Ex. A.) Plaintiff alleges that she specifically received at least three of these emails. (*Id.* at ¶ 96.). Plaintiff defines the proposed class period to be four years before the Complaint was filed to the date any class certification order is entered in this action. (Compl. ¶ 101.).

18. Plaintiff also seeks treble damages under the Washington Consumer Protection Act (*Id.* at 106 and Request for Relief (G).) The Washington Consumer Protection Act allows for an increase in the award of damages up to three times the actual damages. RCW § 19.86.090. Thus, she seeks $1,500 per allegedly violative email sent to every Washington recipient in the last four years.

19. Based on Plaintiff's allegations that the class is "so numerous" and "minimally contain[s] thousands of members" (i.e. at least two thousand), the amount of controversy requirement is easily satisfied. Indeed, Plaintiff alleges she received ***at least*** three emails within the last four years (3 emails x $1,500 damages/per email = $4,500). If just 2,000 class members received these same three emails, the amount in controversy would be at least $9,000,000, well above $5 million. If just 2,000 class members received the ninteen "example" emails that Plaintiff provided, the amount in controversy would be at least $57,000,000 (19 emails x 1,500 damages/per email x 2,000 class members).

20. Plaintiff also seeks attorneys' fees and costs. (*Id.* at Prayer for Relief (D). Attorneys' fees should also be included in connection with the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of

Ballard Spahr LLP
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone 415.318.2770

Ballard Spahr LLP
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone 415.318.2770

the common fund). Assuming the amount in controversy is $5,000,000, an award of 25% attorneys' fees based upon such amount would be an additional $1,250,000. This amount further increases the amount in controversy above CAFA's threshold.

**V. NO CAFA EXCEPTIONS APPLY**

21. The State Court Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

**VI. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED**

22. Venue is proper in this district and division because King County Superior Court is located within the federal Western District of Washington, and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

23. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of the date on which service was effectuated – January 27, 2026. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding the thirty-day removal deadline is triggered by actual service of the complaint).

24. Further, notice of this removal will be filed with the Clerk of the King County Superior Court and will be given to all parties in accordance with 28 U.S.C. § 1446. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court" and Plaintiff has been served with all filings.

//

//

**VII. CONCLUSION**

25. Wherefore, Defendant The Natori Company, Inc. requests that the State Court Action now pending against it in the Superior Court of California, County of King, be removed to this Court.

DATED: February 26, 2026

**BALLARD SPAHR LLP**

By: */s/ Meegan B. Brooks*

Meegan B. Brooks (WSBA No. 62516)
71 Stevenson Street, Suite 400
San Francisco, California 94105
Telephone: 415.318.2770
Facsimile: 424.204.4350
brooksm@ballardspahr.com

*Attorneys for Defendant* THE NATORI COMPANY, INC.

Ballard Spahr LLP
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone 415.318.2770